# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVESTRE RAUL ROBLES-TORRES, also known as Raul Robles,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1825

Before JOLLY, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Silvestre Raul Robles-Torres (Robles) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Robles argues that his sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He maintains that his within-guidelines range sentence should not be considered presumptively reasonable because the Guideline

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under which he was sentenced, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed. He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass. He contends that the sentence failed to account for his personal history and characteristics because it did not reflect that he had not previously served a sentence greater than 24 months, that he returned to the United States because of threats caused by his previous cooperation with authorities, his advanced age, his ties to the United States, and his colon cancer diagnosis.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Robles concedes, his argument that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court rejected Robles's request for a below guidelines range sentence and sentenced Robles at the top of the guidelines range based upon Robles's long history of violent crimes. The international trespass and the double counting of prior convictions arguments that Robles raises have both been previously raised in this court without success. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *Duarte*, 569 F.3d at 529-31. As Robles was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Robles has not shown sufficient reason for us to disturb that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.